UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CAL CAMPOS,

       Plaintiff,

   v.

CHANEL, INC., a Corporation,

       Defendant.

Case No. _____

## **DEFENDANT'S NOTICE OF REMOVAL**

Defendant Chanel, Inc. notifies this Court of Defendant's removal of the above-captioned lawsuit from the Eleventh Judicial Circuit for Miami-Dade County, Florida, No. 2022-005836-CA-01, to the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. §§ 1332, 1441(a-b) and 1446(a). In support of this Notice of Removal, Chanel states the following:

### **I.   THE STATE COURT ACTION**

1. Plaintiff Cal Campos filed his Complaint against Chanel in the Eleventh Judicial Circuit for Miami-Dade County, Florida in a case styled as *Cal Campos v. Chanel, Inc.*, No. 2022-005836-CA-01 (Miami-Dade Cty.).

2. In his Complaint, Campos seeks actual damages, compensatory damages, and attorneys' fees under the Florida Whistleblower Act. A copy of Campos's state-court Complaint is attached as **Exhibit 1**.

3. On July 21, 2022, Campos served Chanel by process server. Chanel's removal is therefore timely because it has been filed within 30 days of service of process.

4. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and Chanel is entitled to remove this action pursuant to 28 U.S.C. §§ 1441(a) and (b) because complete diversity is present and the amount in controversy exceeds $75,000.

## II.   DIVERSITY IS PRESENT

5. The tests for establishing diversity of citizenship are uncontroversial and well established. A corporation's citizenship is its states of incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1). With limited exceptions inapplicable here, a natural person is a citizen of the state where the natural person is domiciled. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).

6. Chanel is a corporation that is incorporated in New York and has its principal place of business in New York, New York. (*See* Declaration of Daniel Rosenberg ¶ 3, attached as **Exhibit 2**.) Chanel is therefore a citizen of New York.

7. Upon information and belief, Campos is a citizen and resident of Florida.

8. Complete diversity is present because Campos is a citizen of Florida and Chanel is a citizen of New York.

## III.   AMOUNT IN CONTROVERSY

9. The amount in controversy is in excess of $75,000. The Florida Whistleblower Act, which allows for the recovery of front pay, back pay, emotional distress damages, and attorneys' fees, as well as pre-removal settlement demands, demonstrate that the amount-in-controversy requirement is also established.

10. For the amount in controversy requirement to be satisfied, a removing defendant need only establish by a preponderance of the evidence that the case meets the $75,000.00 threshold. *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002); *Williams v. Best*

*Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (citations omitted). "[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 753 (11th Cir. 2010). When assessing whether the amount in controversy requirement has been met, the Court may review the record and evidence relevant to the amount in controversy at the time of removal. *Williams*, 269 F.3d 1316 at 1319-20. "Estimating the amount in controversy is not nuclear science; it does not demand decimal-point precision . . . . And the undertaking is not to be defeated by unrealistic assumptions that run counter to common sense." *See S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1317 (11th Cir. 2014) (internal citations omitted).

11. Prior to this notice of removal, Campos demanded $150,000 to settle this matter, with alleged damages of approximately $400,000. (*See* Damages Calculation, attached as **Exhibit 3**.)

12. A pre-removal demand may be considered in determining whether the amount-in-controversy requirement is met. *Pagan v. Circle K Stores, Inc.*, No. 5:20-CV-479-OC-30, 2020 WL 10457661, at *2 (M.D. Fla. Nov. 19, 2020); *Gillinov v. Hillstone Rest. Grp., Inc.*, 92 F. Supp. 3d 1251, 1254 (S.D. Fla. 2015) (collecting cases). Campos's settlement demand establishes that the alleged amount in controversy is substantially greater than the jurisdictional minimum. As such, there is a good faith basis to believe that the amount in controversy exceeds $75,000.00. *Pretka*, 608 F.3d at 752 (11th Cir. 2010) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F. 3d 1353, 1356-57 (11th Cir. 1996)).

13. Courts also consider the availability of emotional distress damages in determining the amount in controversy. *See, e.g., Brown v. Cunningham Lindsey U.S., Inc.*, No. 305CV141J32HTS, 2005 WL 1126670, at *1 (M.D. Fla. May 11, 2005), at *5 (concluding that

85739110v.1

plaintiff's emotional distress further increased the amount in controversy); *Barnes v. JetBlue Airways Corp.*, No. 07-60441, 2007 WL 1362504, at *2 (S.D. Fla. 2007 May 7, 2007) (concluding that an award for emotional distress could easily match an award for economic damages). The facts alleged in the Complaint, if accepted by a jury, could generate substantial emotional distress damages.

14. In sum, the amount in controversy at issue in this case exceeds the jurisdictional requirement. Accordingly, all substantive requirements for removal because of diversity of citizenship have been met.

### IV. ALL PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET

15. This Notice of Removal is filed in the District Court of the United States for the district and division in which the state-court action is pending. *See* 28 U.S.C. § 1446(a).

16. This Notice of Removal is timely because Chanel was served on July 21, 2022. *See* 28 U.S.C. § 1446(b).

17. While filing this Notice of Removal, Chanel is simultaneously filing this Notice of Removal with the Clerk of the Court for the Eleventh Judicial Circuit for Miami-Dade County, Florida. Chanel will also provide written notice to counsel of record for Campos, in accordance with 28 U.S.C. § 1446(d).

### V. CONCLUSION

18. For the foregoing reasons, Chanel hereby removes the civil action pending in the Eleventh Judicial Circuit for Miami-Dade County, Florida and respectfully requests that this Court exercise its jurisdiction over the action.

DATED:  August 9, 2022                    Respectfully submitted,

                                                        SEYFARTH SHAW LLP

                                                        By:  */s/ Alex Meier*
                                                             Alex S. Drummond
                                                             adrummond@seyfarth.com
                                                             Florida Bar No. 0038307
                                                             Alex Meier
                                                             ameier@seyfarth.com
                                                             Florida Bar No. 1011557
                                                            SEYFARTH SHAW LLP
                                                            1075 Peachtree Street, N.E.
                                                            Suite 2500
                                                            Atlanta, GA  30309-3958
                                                           Telephone:      (404) 885-1500
                                                           Facsimile:       (404) 892-7056

                                                           *Attorneys for Defendant*
                                                           *Chanel, Inc.*

85739110v.1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CAL CAMPOS,

      Plaintiff,

v.

CHANEL, INC., a Corporation,

      Defendant.

Case No. _____

## CERTIFICATE OF SERVICE

I certify that on this 9th day of August, 2022, I served the foregoing **DEFENDANT'S NOTICE OF REMOVAL** on the following counsel of record via email and U.S. mail postage prepaid:

    Karen Coolman Amlong
    kamlong@theamlongfirm.com
    William R. Amlong
    wramlong@theamlongfirm.com
    Rani Nair Bolenin
    rbolen@theamlongfirm.com
    THE AMLONG FIRM
    500 Northeast Fourth Street, Suite 101
    Fort Lauderdale, FL 33301-1154

By:     */s/ Alex Meier*
             Alex Meier