*Exhibit 1*

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

Case Number:

CAL CAMPOS,

    Plaintiff,

vs.

**Complaint for Damages - Jury Trial Demanded**

CHANEL, INC., a Corporation,

    Defendant.

_____/

Plaintiff, Cal Campos, ("plaintiff" or "Mr. Campos") sues defendant, Chanel,Inc. ("defendant" or "Chanel") and shows:

1. This is a retaliation claim brought under the Florida Civil Rights Act of 1992 ("FCRA") by a former assistant director of one of Chanel's boutique stores, who witnessed management making discriminatory comments about homosexuals, which offended him as a gay man, and advocated without success for Chanel to hire an older, Black woman with whom he had worked before for an open position as a makeup artist but whom Chanel didn't want in to hire because she didn't fit the "look" if its marketing campaign. Mr. Campos complained to human resources about the offensive comments about homosexuals, and about the discriminatory treatment of the Black makeup artist. Shortly after those complaints, he was terminated.

## Jurisdiction, Venue and Parties

2. This action seeks relief within the jurisdiction of this court. Specifically, plaintiff seeks damages in excess of $30,000, exclusive of costs and interests, as well as injunctive relief.

3. Venue is proper in Miami-Dade County, Florida because the Chanel boutique where Mr. Campos was employed is located in this county and the causes of actions accrued here.

## Parties

4. Mr. Campos was at all times material prior to his termination, an employee of Chanel who was discriminated against in violation of section 760.10(7), Florida Statutes because he opposed what he reasonably believed to be conduct made unlawful by the FCRA.

5. Chanel is a New York corporation at all material times registered to do business in Florida. It is an employer as envisioned by § 760.02(7), Florida Statutes.

## Satisfaction of Conditions Precedent

6. Mr. Campos, on or about March 30, 2018, timely filed a charge of discrimination with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission ("EEOC").

7. More than 180 days elapsed without the EEOC or the FCHR either conciliating Mr. Campos's claims or making a finding of no-cause against him.

8. All other conditions precedent to the bringing of this action, if any, have been performed, have been waived, or would be futile.

## Unlawful Employment Practices under the FCRA

9. The FCRA provides at section 760.10(7):

    It is an unlawful employment practice for an employer . . . to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section . . . .

## General Allegations

10. Mr. Campos was hired by Chanel on or about November 2016 as an assistant director of Chanel's Aventura, Florida store.

11. Mr. Campos was an exemplary employee who consistently met or exceeded his goals, received good performance reviews, and never received any written or verbal warnings.

12. Mr. Campos even successfully served as interim director for approximately seven months after the company terminated the Aventura store's director.

13. In February 2018, Mr. Campos had a conversation with his boss, director, Robyn Moore, who made discriminatory comments about an older Black freelance makeup artist with whom Mr. Campos had worked before who wanted to work for Chanel full-time.

14. On or about February 16, 2018, a subordinate, James Fairclough informed Mr. Campos about a conversation he had with the regional sales director, Donna Merrill, during which she made derogatory comments about homosexuals.

15. Mr. Campos, who is gay, was offended by the comments and complained to human resources on or about February 18, 2018.

16. Mr. Campos also complained to human resources about Ms. Moore's refusal to consider the older, Black makeup artist for an open position because she didn't have the "look" and her retort to Mr. Campos when he questioned her reasoning and actions toward the woman—"What's she going to do, sue us for discrimination?"—to which Mr. Campos responded, "You said it, I didn't."

17. Human resources started an investigation and interviewed Mr. Campos about his complaints.

18. Shortly thereafter, Mr. Campos had a conference call with his boss, Ms. Moore, and the head of human resources for the Fragrance and Beauty Division, Christina Kooij, where, from out of the blue, and for the first time since coming to Chanel, his job performance was criticized.

19. Ms. Moore retaliated against Mr. Campos, by taking away job responsibilities, informing co-workers not to seek assistance from Mr. Campos anymore, excluding Mr. Campos from conference calls, and criticizing his work performance.

20. Mr. Campos complained to human resources about Ms. Moore's retaliatory actions.

21. Human resources indicated that it would start another investigation regarding these new allegations against Ms. Moore.

22. After Mr. Campos participated in the human resources investigations and further complained about retaliation, he was terminated on or about March 30, 2018.

### Count I: Retaliation in Violation of FCRA

23. Mr. Campos, realleges paragraphs 1-22 as if fully set forth in Count I and further states:

24. Mr. Campos, engaged in protected activity under the FCRA when he complained about and opposed conducted and practices he reasonably believed constituted unlawful employment practices under the FCRA.

25. Chanel discriminated against Mr. Campos in the terms and conditions of his employment because of his protected activity.

26. As a direct, natural, proximate and foreseeable result of the actions of defendant, Mr. Campos has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

27. The retaliation that Mr. Campos has suffered, in violation of the statutory rights to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

28. Chanel, through its upper management, was guilty of intentional misconduct or gross negligence, which was a substantial cause of damage to plaintiff that warrants punitive damages against Chanel, to punish it and to deter others. Particularly, either:

      a.    Chanel is directly liable for punitive damages because one or more its managing agents was personally guilty of intentional misconduct because it had actual knowledge of retaliatory acts visited upon plaintiff and that there was a high probability the retaliation would cause plaintiff emotional injury and other pecuniary and non-pecuniary damages, but at best failed or refused to step in and stop it and at worst participated in the discrimination itself or, alternatively, was so reckless or wanting in care that its conduct constituted a conscious indifference to the rights of plaintiff to be free of such conduct; or

      b.    Chanel is vicariously liable for punitive damages because one or more of its officers, directors or managers knowingly condoned, ratified or consented to Chanel's employees retaliating against plaintiff, knowing that such retaliatory conduct would cause plaintiff emotional injury and other pecuniary and non-pecuniary damages.

WHEREFORE, plaintiff, Cal Campos, prays this Court will:

**One**, issue a declaratory judgment that Chanel's practices towards him violates the prohibition against retaliation under the FCRA;

**Two**, award judgment against Chanel for compensatory damages, punitive damages, and the back pay and benefits to which plaintiff would have been entitled but for Chanel's retaliatory acts;

**Three**, enjoin Chanel, its management employees and/or agents to cease retaliating against plaintiff, to make him whole through reinstatement

and restoration of benefits and seniority, or if that is not practical, through an award of front pay;

**Four**, grant plaintiff his costs, including a reasonable attorneys' fee, and such other and further relief as may be just.

## Demand for Jury Trial

Plaintiff, Cal Campos, demands trial by jury on all issues so triable.

Respectfully submitted,

THE AMLONG FIRM
Attorneys for Plaintiff, Cal Campos
500 Northeast Fourth Street
Suite 101
Fort Lauderdale, Florida 33301-1154
(954) 462-1983

/s/Karen Coolman Amlong
KAREN COOLMAN AMLONG
Florida Bar No. 275565
Kamlong@TheAmlongFirm.com
WILLIAM R. AMLONG
Florida Bar No. 470228
WRAmlong@TheAmlongFirm.com
RANI NAIR BOLENN
Florida Bar No. 29293
Rbolen@TheAmlongFirm.com